## ANNA H. ROWLAND *v.* CHARLES K. OLDHAM.

**Replevin—Bond—Instruction.**

> An instruction in an action for replevin "that if the jury believe from the evidence that an indemnifying bond was taken by the defendant, sheriff, prior to the institution of the action and before the sale of the horse levied on, and that the surety on the bond was good, they will find for the defendants," limits the inquiry to the mere question of whether there was a bond executed, and withdraws from the consideration of the jury the question whether the title to the horse was in plaintiff, and whether he was subject to a distress warrant.

### APPEAL FROM MADISON CIRCUIT COURT.

January 21, 1873.

OPINION BY JUDGE PETERS:

This action was brought by appellant originally against Charles K. Oldham for the recovery specifically of a horse.

The defendant, after denying the title of appellant to the horse, and her right to the possession, says in answer to the petition that

on the 8th of January, 1872, he was sheriff of Madison County, and as such a distress warrant issued by the proper officer in favor of Elizabeth De Jarnett against James Rowland and Robert Rowland was placed in his hands commanding him to levy the same on the goods and chattels of said defendants or enough thereof to pay $150, with interest and costs; that on the 9th of January, 1872, he levied said distress warrant on the horse in the petition described as the property of the defendants therein; but before he made the levy aforesaid he required the said E. De Jarnett to execute to him a bond of indemnity with W. W. Moore and Warren Harris as her sureties, which bond he filed with his answer and prayed that appellant be required to seek redress of the sureties in said bond, who, as he alleges, were good and solvent, and that the actions be dismissed as to him.

After Oldham had filed his answer the record shows: On motion Moore & Harris, the sureties in the bond of indemnity, were substituted as defendants in the action instead of Oldham, and his answer taken as their answer; to this order of substitution of said Moore & Harris, in the place of Oldham, no objection was made and no exception taken.

On the trial of the cause a verdict and judgment were rendered in favor of defendants and the plaintiff below has appealed to this court.

By taking the position of defendants and adopting the answer of Oldham, appellees assumed all the responsibilities that he had incurred by taking the horse, and by adopting the answer, only so much of it as traversed the material allegations of the petition and formed issues of fact can be regarded, and such of it as related to the taking the bond of indemnity by Oldham should be disregarded, as the object had been accomplished when they were substituted as defendants in his place.

This being the attitude of the parties, Instruction No. 1 asked for by appellees and given by the court is erroneous. It is in the following words: "That if the jury believe from the evidence that an indemnifying bond was taken by the defendant, Oldham, as sheriff of Madison County, prior to the institution of the action and before the sale of the horse levied on, and that the surety in the bond was good, they will find for the defendants." This instruction limits the inquiry to the mere question of whether there was a bond executed

or not, and withdraws from the consideration of the jury the question whether the title to the horse was in appellant and the further question whether he was subject to the distress or not.

The judgment for the error pointed out must be reversed and the cause remanded for a new trial and for further proceedings consistent herewith.

Harris & Moore were substituted in place of Oldham, who thereupon ceased to be a defendant, consequently the instruction was misleading and erroneous.

Petition overruled.

*Burnam, for appellant.*

*Turner, Smith, for appellee.*